■ FIRMA JULES, Respondent, v MIGUEL BARBECHO, Appellant. [866 NYS2d 214]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 17, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff raised a triable issue of fact. As to the plaintiff's lumbar spine, the submissions of Aric Hausknecht, the plaintiff's treating neurologist, and Eddy Rodriguez, one of the plaintiff's treating physicians, established significant lumbar spine range-of-motion limitations therein which were based on objective range-of-motion tests done during both contemporaneous and recent examinations. In his submissions, Hausknecht noted the findings contained in the affirmed magnetic resonance imaging report of the plaintiff's lumbar spine which showed, inter alia, a disc bulge at L4-5 and a disc herniation at L5-S1. Hausknecht further concluded in his submissions that the injuries to the plaintiff's lumbar spine were the result of the subject accident and amounted to a significant restriction of mobility of the plaintiff's lumbar spine. He further deemed the injuries a permanent consequential limitation of use of her lumbar spine. The submissions of Hausknecht and Rodriguez were sufficient to raise at least a triable issue of fact as to whether the plaintiff sustained a serious injury under the significant limitation of use or the permanent consequential limitation of use category of Insurance Law § 5102 (d) to her lumbar spine as a result of the subject accident (*see Altreche v Gilmar Masonry Corp.*, 49 AD3d 479 [2008]; *Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Cler-*

*voix v Edwards,* 10 AD3d 626 [2004]; *Acosta v Rubin,* 2 AD3d 657 [2003]; *Rosado v Martinez,* 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.,* 273 AD2d 225 [2000]; *see also Djetoumani v Transit, Inc.,* 50 AD3d 944 [2008]).

The plaintiff adequately explained the significant gap in her treatment history by stating in her affidavit that she stopped treatment about four to five months after the subject accident because her no-fault insurance was cut off and she could not afford to personally pay for further treatment (*see Francovig v Senekis Cab Corp.,* 41 AD3d 643 [2007]; *Black v Robinson,* 305 AD2d 438 [2003]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.