■ Dong Soo Kim, Appellant, v Sheryl L. Kottler, Respondent. [873 NYS2d 322]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered November 26, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is denied.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his cervical and/or lumbar spine under the permanent consequential and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]). The plaintiff's treating physician Dr. Jae O. Park opined, based on his contemporaneous and more recent examinations of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging reports, which showed, inter alia, disc bulges in the cervical and lumbar spine as well as a disc herniation in the lumbar spine, that the plaintiff's lumbar and cervical injuries and observed range of motion limitations were permanent, and causally related to the subject accident. He further concluded that the injuries amounted to a permanent consequential limitation of use of the cervical and lumbar spine as well as a significant limitation of use of those regions.

Contrary to the defendant's assertions, the plaintiff's affidavit adequately explained any lengthy gap in his treatment history (*see Black v Robinson*, 305 AD2d 438 [2003]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.