SECOND DEPARTMENT, FEBRUARY, 2009

(February 3, 2009)

■ PIERRE AZOR, Appellant, v STEVEN TORADO et al., Respondents. [873 NYS2d 655]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 10, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). However, contrary to the Supreme Court's determination, the plaintiff's opposition was sufficient to raise a triable issue of fact as to whether he had sustained a serious injury. In addition to evidence of disc herniations and bulges causally related to the accident, the plaintiff's treating physician stated that he had found that the plaintiff's cervical and lumbar ranges of motion were significantly restricted as quantified in his affirmation (*see Paz v Wydrzynski,* 41 AD3d 453 [2007]). In addition, the plaintiff's physician adequately explained the gap in the plaintiff's treatment (*see Pommells v Perez,* 4 NY3d 566, 577 [2005]). Fisher, J.P., Covello, Balkin and Belen, JJ., concur.