■ CHERYL McNEIL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [877 NYS2d 351]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 5, 2008, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants satisfied their burden of establishing, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345

[2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff relied upon various medical records, as well as the affirmed medical report of Dr. John Murphy, who treated the plaintiff after her accident. The plaintiff's hospital records and EMG testing report from December 22, 2003, were unsworn and therefore without any probative value (*see Sapienza v Ruggiero,* 57 AD3d 643 [2008]; *Choi Ping Wong v Innocent,* 54 AD3d 384 [2008]), and portions of Dr. Murphy's affirmed medical report dated November 19, 2007, must similarly be disregarded because they recite unsworn findings of other doctors (*see Sorto v Morales,* 55 AD3d 718 [2008]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). Nevertheless, Dr. Murphy found, on the basis of his physical examination of the plaintiff, that she had a decreased range of motion in her lumbar spine following the date of the accident and for four years thereafter. In response to the conclusory statement by the defendant's orthopedic expert that the plaintiff "[had] significant problems preceding the alleged incident," and the defendant's radiologist's determination that the plaintiff suffers from a chronic degenerative condition of the lumbar spine, Dr. Murphy opined, on the basis of his review of pre-accident and post-accident imaging, that the plaintiff's injuries were caused or, at least, aggravated by the accident. Thus, Dr. Murphy's conclusion that the plaintiff's injuries constitute a permanent consequential limitation of use of her lumbar spine was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury under the significant limitation of use or the permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Altreche v Gilmar Masonry Corp.,* 49 AD3d 479 [2008]; *Nigro v Kovac,* 45 AD3d 547-548). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.