■ JOSE D. BONILLA et al., Appellants, v DANIELLE TORTORIELLO, Respondent. [878 NYS2d 187]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated February 28, 2008, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that none of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Maria Angela Joya and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the defendant met her prima facie burden of showing that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the plaintiffs Jose D. Bonilla and Maria C. Joya sustained serious injuries within the meaning of the no-fault statute. The plaintiffs principally relied upon the affirmations of their treating physician, Dr. Joseph Perez; however neither Dr. Perez nor those plaintiffs provided an adequate explanation for the lengthy gaps in their treatment (*see Pommells v Perez*, 4 NY3d 566 [2005]; *see also McNeil v Dixon*, 9 AD3d 481 [2004]; *Sibrizzi v Davis*, 7 AD3d 691 [2004]).

As to the plaintiff Maria Angela Joya (hereinafter Maria Angela), the affirmation of Dr. Perez was sufficient to raise a triable issue of fact. Dr. Perez opined, based on his contemporaneous and most recent examinations of Maria Angela, as well as upon his review of her magnetic resonance imaging report, which showed, inter alia, bulging discs at T1-2, T6-7 and T11-12, that Maria Angela's thoracic injuries and observed range of motion limitations were permanent and causally related to the subject accident. He also opined that Maria Angela sustained a significant limitation of use of her thoracic spine. This submission was sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, Maria Angela sustained a serious injury to her thoracic spine under the significant limitation of use or the permanent consequential limitation of use

categories of Insurance Law § 5102 (d) (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

Contrary to the determination of the Supreme Court, Maria Angela provided an adequate explanation for the lengthy gap in her treatment history. Dr. Perez stated in his affirmation that in early June 2005 he concluded that she had reached her maximum medical improvement and advised her that any further treatment at that time would have been merely palliative in nature (*see Pommells v Perez*, 4 NY3d at 577; *see also Shtesl v Kokoros*, 56 AD3d 544, 546-547 [2008]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.