Luz Ortiz, Appellant, v Konstantios P. Zorbas et al., Respondents, et al., Defendant. [878 NYS2d 442]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated April 14, 2008, which granted the motion of the defendants Konstantios P. Zorbas, Boulevard Taxi Leasing, Inc., and Haitham S. Tawfik for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Konstantios P. Zorbas, Boulevard Taxi Leasing, Inc., and Haitham S. Tawfik for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants Konstantios P. Zorbas, Boulevard Taxi Leasing, Inc., and Haitham S. Tawfik met their prima facie burden

of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact.

Dr. David Zelefsky, the plaintiff's treating physician, opined in an affirmation, based on his contemporaneous and most recent examinations of the plaintiff, that the plaintiff's cervical injuries and observed range-of-motion limitations were significant and permanent, and causally related to the subject accident. Thus, the plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential limitation of use and/or a significant limitation of use of her cervical spine as a result of the subject accident (*see Azor v Torado*, 59 AD3d 367 [2009]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]). The plaintiff adequately explained the lengthy gap in her treatment (*see Jules v Barbecho*, 55 AD3d 548 [2008]; *Black v Robinson*, 305 AD2d 438 [2003]; *see also Pommells v Perez*, 4 NY3d 566, 574 [2005]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.