■ PETRA SINFELT, Appellant, v HELM'S BROS., INC., Defendant, and KWANG KYU KIM et al., Respondents. [883 NYS2d 49]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated April 17, 2008, which granted the motion of the defendants Kwang Kyu Kim and Dongsun Kim for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Kwang Kyu Kim and Dongsun Kim for summary judgment dismissing the complaint insofar as asserted against them is denied.

The defendants Kwang Kyu Kim and Dongsun Kim (hereinafter the respondents) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact.

The plaintiff relied, inter alia, upon the affidavit of her treating chiropractor, Dr. Mark Snyder. Dr. Snyder opined, based on his contemporaneous and most recent examinations, as well as upon his review of the plaintiff's magnetic resonance imaging reports, which revealed, inter alia, disc herniations at L5-S1 and C5-6, and disc bulges at T5-6 and T6-7, that the plaintiff's lumbar and cervical injuries and observed range of motion limitations therein were permanent and causally related to the

subject accident. He further opined that the plaintiff's limitations were significant. The affidavit was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her lumbar or cervical spine under the significant limitation of use and/or the permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

Contrary to the respondents' assertions on appeal, the plaintiff adequately explained the gap in her treatment between 2003 and 2007 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.