■ MARIKO CASIANO, Respondent, v GOMMA SAID ZEDAN, Appellant. [887 NYS2d 613]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 17, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact through the affirmed medical reports of Dr. Aric Hausknecht, the plaintiff's treating neurologist, as to whether she sustained a serious injury to her cervical spine under the significant limitation of use or permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Su Gil Yun v Barber,* 63 AD3d 1140 [2009]; *Pearson v Guapisaca,* 61 AD3d 833 [2009]; *Williams v Clark,* 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610 [2008]; *Acosta v Rubin,* 2 AD3d 657 [2003]; *see also McNeil v New York City Tr. Auth.,* 60 AD3d 1018 [2009]). In these reports, Dr. Hausknecht noted that he had conducted both contemporaneous and recent examinations of the plaintiff, which revealed significant limitations in the plaintiff's cervical spine. Dr. Hausknecht concluded in his most recent report, dated June 19, 2008, that the injuries to the plaintiff's cervical spine and observed range-of-motion limitations were significant, permanent, and causally related to the subject accident. He further concluded that the plaintiff's injuries amounted to a permanent consequential limitation of use of her cervical spine. While portions of Dr. Hausknecht's June 2008 affirmed medical report must be disregarded because

they recite unsworn findings of other doctors (*see McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]), Dr. Hausknecht found, on the basis of his physical examination of the plaintiff contemporaneously with the subject accident and at the time of his most recent examination of her, that she had a decreased range of motion in her cervical spine. Thus, Dr. Hausknecht's conclusion that the plaintiff's injuries constituted a permanent consequential limitation of use of her cervical spine was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury under the significant limitation of use or the permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]).

Contrary to the defendant's contention, the plaintiff adequately explained any lengthy gap in her treatment. Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.