■ LINDA HARRIS, Appellant, v RAYMOND BOUDART et al., Respondents. [893 NYS2d 631]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated January 12, 2009, which, upon an order of the same court (LaMarca, J.), dated November 24, 2008, made upon reargument and renewal, adhering to a prior determination in an order dated June 18, 2008, granting the defendants'

motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), is in favor of the defendants and against her, dismissing the complaint. The notice of appeal from the order dated November 24, 2008, is deemed a notice of appeal from the judgment dated January 12, 2009 (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, with costs, upon reargument and renewal, the order dated June 18, 2008, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied, and the order dated November 24, 2008, is modified accordingly.

While the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), in opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her cervical and/or lumbar spine under the permanent consequential and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Dong Soo Kim v Kottler*, 58 AD3d 670 [2009]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]).

The plaintiff's treating chiropractor, James W. Rogers, opined, based on his contemporaneous and recent examinations of the plaintiff, as well as on his review of the plaintiff's magnetic resonance imaging reports, which showed, inter alia, disc bulges in the cervical spine and disc herniation in the lumbar spine, that the plaintiff's lumbar and cervical injuries and observed range of motion limitations were permanent and causally related to the subject accident. He further concluded that the injuries amounted to a permanent consequential limitation of use of the cervical and lumbar spine as well as a significant limitation of use of those regions.

Contrary to the defendants' contention, the plaintiff's treating physician, Philip Rafiy, sufficiently addressed a prior injury to the plaintiff's neck in 1988, 18 years before the subject accident, noting that despite her intermittent neck pain, she essentially had been asymptomatic and without treatment for at least 15 years. Coupled with the facts that even the defendants' doctor, Naunihal Sachdev Singh, concluded that what he described as a cervical spine sprain was caused by the instant accident and that the plaintiff also sustained an injury to her

lumbar spine, the plaintiff was not obliged to do more to overcome the defendants' motion for summary judgment motion (*see Pommells v Perez*, 4 NY3d 566, 578 [2005]; *Linton v Nawaz*, 62 AD3d 434, 441 [2009]; *Sforza v Big Guy Leasing Corp.*, 51 AD3d 659, 661 [2008]).

Similarly, contrary to the defendants' contention, although the plaintiff's submissions did not directly address the defendants' radiologist's opinion that the injuries were degenerative in nature, the magnetic resonance imaging reports based on testing performed contemporaneously with the subject accident contained no findings that the plaintiff's injuries were degenerative in nature. Moreover, the plaintiff's treating physician and chiropractor gave no indication that her symptoms may have been caused by degeneration changes, were chronic, or were caused by anything other than the accident (*see Pommells v Perez*, 4 NY3d at 577-578; *Linton v Nawaz*, 62 AD3d at 441; *Sforza v Big Guy Leasing Corp.*, 51 AD3d at 660-661).

Contrary to the defendants' contention, there was no lengthy gap in treatment (*see Pommells v Perez*, 4 NY3d at 574; *Seecoomar v Ly*, 43 AD3d 900, 901 [2007]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.