■ ESTELA BENITEZ, Appellant, v MEADOW LASHNITZ et al., Respondents. [897 NYS2d 441]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated January 21, 2009, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The Supreme Court properly determined that the defendants met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). However, the Supreme Court erred in determining that the plaintiff failed to raise a triable issue of fact.

In opposition to the defendants' motions, the plaintiff relied on the affidavit of her treating chiropractor, Dr. Nicholas Martin. In his affidavit, Dr. Martin opined, based upon his contemporaneous and most recent examinations of the plaintiff, that the plaintiff's cervical and lumbar injuries were permanent and causally related to the subject accident. Thus, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her cervical and lumbar spine as a result of the subject accident (*see Sanevich v Lyubomir,* 66 AD3d 665 [2009]; *Azor v Torado,* 59 AD3d 367, 368 [2009]; *Williams v Clark,* 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.,* 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.,* 41 AD3d 643, 644-645

[2007]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.