ROBERTA GUSSACK, Appellant, v KELLY L. McCOY, Respondent. [897 NYS2d 513]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered February 20, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court properly determined that the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). However, the Supreme Court erred in determining that the plaintiff failed to raise a triable issue of fact in opposition to that showing.

In opposition to the defendant's motion, the plaintiff relied on the affidavit of her treating chiropractor, Dr. Philip F. Muench. In his affidavit, Muench opined, based upon his contemporaneous and most recent examinations of the plaintiff, that the plaintiff's cervical condition and the limitations of motion he noted were permanent, significant, and causally related to the subject accident. While portions of Muench's affidavit must be disregarded because they recite unsworn findings of other doctors (see Casiano v Zedan, 66 AD3d 730 [2009]; McNeil v New York City Tr. Auth., 60 AD3d 1018 [2009]), Muench found, on the basis of his own physical examinations of the plaintiff, made contemporaneously with the subject accident and at the time of his most recent examination of the plaintiff, that the plaintiff had a quantified decreased range of motion in her cervical spine compared to the norm. Thus, Muench's conclusions concerning the plaintiff's cervical injuries were sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, the plaintiff sustained a serious injury to her cervical spine under the significant limitation of use or the permanent

consequential limitation of use categories of Insurance Law § 5102 (d) (*see Casiano v Zedan*, 66 AD3d 730 [2009]; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]).

Contrary to the defendant's assertions, the plaintiff adequately explained the lengthy gap in her treatment (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Bonilla v Tortoriello*, 62 AD3d 637, 639 [2009]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30400(U).]**