(April 20, 2010)

■ ARMANDO ARIAS et al., Appellants, v JANELLE CAR SERVICE CORP. et al., Respondents. [898 NYS2d 666]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated April 7, 2009, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Magaly Garcia on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Armando Arias is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed on the appeal by the plaintiff Magaly Garcia, on the law, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by her is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Magaly Garcia.

The defendants sustained their prima facie burden of showing that the plaintiff Magaly Garcia (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her cervical spine through, inter alia, the affirmed medical report of her treating physician, Harold James, and the affirmation of her treating orthopedist, Randall V. Ehrlich. Dr. James found, based upon his examination of the plaintiff, that she had significant, quantified, range-of-motion limitations in her cervical spine, as compared to the norm, contemporaneous with the 2004 accident. Dr. Ehrlich

similarly found, based upon examinations conducted in 2008, that the plaintiff continued to have significant, quantified, range-of-motion limitations in her cervical spine, as compared to the norm, which he opined had been caused by the subject accident. Although portions of Dr. Ehrlich's affirmation improperly recited the unsworn findings of other physicians, the limitations he observed based upon his own examinations are competent evidence (*see Casiano v Zedan*, 66 AD3d 730, 731 [2009]; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018, 1019 [2009]). The plaintiff additionally submitted the affirmation of a radiologist who interpreted magnetic resonance imaging films of her cervical spine, and concluded that she had a disc bulge at the C5-6 level. Contrary to the Supreme Court's determination, these submissions raised a triable issue of fact as to whether the plaintiff sustained a serious injury to her cervical spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Parker v Singh*, 71 AD3d 750 [2010]; *Bachan v Paratransit*, 71 AD3d 610 [2010]; *Reyes v Dagostino*, 67 AD3d 983 [2009]; *Noel v Choudhury*, 65 AD3d 1316 [2009]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.