■ GWENDOLINE AUSTIN et al., Plaintiffs, and ALLISON CONNOR, Appellant, v MARTIN A. DOMINGUEZ, Respondent. [913 NYS2d 757]—

In an action to recover damages for personal injuries, the plaintiff Allison Connor appeals from an order of the Supreme Court, Kings County (Starkey, J.), dated December 7, 2009, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the appellant is denied.

The defendant met his prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the appellant raised a triable issue of fact as to whether she sustained a serious injury to her cervical spine under the permanent consequential limitation of use or the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Casiano v Zedan*, 66 AD3d 730 [2009]; *Ortiz v Zorbas*, 62 AD3d 770 [2009]). This triable issue of fact was raised by the affidavit of the appellant's treating chiropractor, Dr. Dean A. Mauro. In his affidavit, Dr. Mauro concluded, based on his contemporaneous and most recent examinations of the appellant, that there were limitations in her cervical spine

range of motion, and that her cervical limitations and injuries were significant and permanent.

While portions of Dr. Mauro's affidavit must be disregarded because he admittedly relied on unsworn findings of other doctors (*see Casiano v Zedan*, 66 AD3d at 730; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]), Dr. Mauro found, on the basis of his physical examination of the appellant performed contemporaneously with the subject accident, and at the time of his most recent examination of the appellant, that she had a significantly decreased range of motion in her cervical spine.

Contrary to the Supreme Court's finding, the appellant adequately explained the lengthy gap in her treatment. In his affidavit, Dr. Mauro concluded that, after several months of conservative physical therapy, the appellant reached her maximum possible medical improvement and any further treatment would have been unnecessary (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Gaviria v Alvardo*, 65 AD3d 567 [2009]; *Bonilla v Tortoriello*, 62 AD3d 637 [2009]). Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.