■ Ackeem A. Dixon et al., Appellants, v Dudley E. Fuller, Respondent, et al., Defendant. [913 NYS2d 776]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 16, 2009, which granted the motion of the defendant Dudley E. Fuller for summary judgment dismissing the complaint insofar as asserted against him on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Dudley E. Fuller for summary judgment dismissing the complaint insofar as asserted against him is denied.

The defendant Dudley E. Fuller (hereinafter the defendant) met his prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). However, in opposition, the plaintiffs raised triable issues of fact through the affirmation of Dr. Leo Batash, their treating physician. As to the plaintiff Nadine M. Stone, Dr. Batash concluded, based on his contemporaneous and most recent examinations of her, which revealed significant limitations in the lumbar regions of her spine and right knee, that her injuries were permanent and her range-of-motion limitations were significant. He opined that she sustained a permanent consequential limitation of use of those areas as a result of the subject accident. His findings concerning Stone were sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, she sustained a serious injury to the lumbar region of her spine and/or right knee under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (see Gussack v McCoy, 72 AD3d 644 [2010]; Casiano v Zedan, 66 AD3d 730 [2009]; Ortiz v Zorbas, 62 AD3d 770 [2009]).

As to the plaintiff Ackeem A. Dixon, Dr. Batash concluded, based on his contemporaneous and most recent examinations of him, which revealed significant limitations in the cervical and lumbar regions of his spine, that his injuries were permanent and his range-of-motion limitations were significant. He opined that Dixon sustained a permanent consequential limitation of use of the cervical and lumbar regions of his spine as a result of the subject accident. His findings concerning Dixon were suf-

ficient to raise a triable issue of fact as to whether, as a result of the subject accident, Dixon sustained a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Gussack v McCoy*, 72 AD3d 644 [2010]; *Casiano v Zedan*, 66 AD3d 730 [2009]; *Ortiz v Zorbas*, 62 AD3d 770 [2009]).

Contrary to the defendant's contention, Dr. Batash's affirmation was sufficient to raise a triable issue of fact. While portions of Dr. Batash's affirmation had to be disregarded because they recited unsworn findings of other doctors (*see Gussack v McCoy*, 72 AD3d at 644-645; *Casiano v Zedan*, 66 AD3d 730 [2009]; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]), Dr. Batash found, on the basis of his own physical examinations of the plaintiffs, made contemporaneously with the subject accident and at the time of his most recent examinations of the plaintiffs, that both plaintiffs had significantly decreased ranges of motions in the regions noted above. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.