■ BEVERLY FRASER-BAPTISTE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and AMERICAN UNITED TRANSPORTATION, INC., et al., Appellants. [917 NYS2d 670]—

In an action to recover damages for personal injuries, the defendants American United Transportation, Inc., and Luis R. Santiago appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), entered July 28, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

In the early afternoon on December 9, 2007, on East 98th Street in Brooklyn, a motor vehicle owned by the defendant American United Transportation, Inc., and operated by the defendant Luis R. Santiago (hereinafter together the defendants) collided with a bus owned by the New York City Transit Authority (hereinafter the Transit Authority) and driven by Jocelyn Wasembeck. The plaintiff, a passenger on the bus, allegedly was injured as a result of the collision, and she commenced this action against the owners and operators of both vehicles 11 months later. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the collision. The Supreme Court, inter alia, denied the defendants' motion. The defendants appeal from so much of the order as denied their motion, and we affirm the order insofar as appealed from.

The defendants satisfied their burden of establishing, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied, inter alia, on the affirmed medical report of Dr. Alan M. Crystal, an orthopedist. Dr. Crystal examined the plaintiff and, although he found that

she exhibited a diminished range of motion in various regions of her body, he concluded that those limitations were "exaggerated" because she did not exhibit a limitation in a certain movement when he observed her before formally beginning his examination. Dr. Crystal also concluded that any abnormalities in the tested areas were degenerative, and not causally related to the collision of December 9, 2007.

In opposition, however, the plaintiff raised a triable issue of fact by submitting reports from doctors in admissible form attesting, in effect, that the plaintiff's limitations resulted from trauma causally related to the collision. To the extent that those reports did not specifically address the findings in the reports submitted by the defendants that the abnormalities in the tested areas were degenerative, rather than traumatic, the findings of the plaintiff's doctors that her injuries were indeed traumatic and were causally related to the collision of December 9, 2007, implicitly addressed the defendants' contentions that the injuries were degenerative (*see Harris v Boudart,* 70 AD3d 643, 644 [2010]; *Sinfelt v Helm's Bros., Inc.,* 62 AD3d 983, 983-984 [2009]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Benitez v Lashnitz,* 70 AD3d 879 [2010]). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.