■ Jung Hyun Yuk, Appellant, v Liang Chen et al., Respondents. [921 NYS2d 564]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 9, 2010, as granted that branch of the motion of the defendant Liang Chen, joined by the defendant Rachel Ingraham, which was for summary judgment dismissing the first cause of action insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion of the defendant Liang Chen, joined by the defendant Rachel Ingraham, which was for summary judgment dismissing the first cause of action insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The plaintiff alleged, inter alia, that she sustained personal injuries when her motor vehicle was struck by motor vehicles separately owned and operated by the defendants.

The defendants satisfied their burden of establishing, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). However, in opposition, the plaintiff raised a triable issue of fact by submitting reports from doctors in admissible form attesting that she had contemporaneous and recent limitations that resulted from trauma causally related to the subject accident (*see Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d 878 [2011]). Accordingly, the Supreme Court erred in awarding summary judgment to the defendants dismissing the first cause of

action insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Benitez v Lashnitz*, 70 AD3d 879 [2010]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.