■ LENERT MITCHELL, Respondent, v CASA REDIMIX CONCRETE CORPORATION et al., Appellants. [921 NYS2d 543]—

In an action to recover damages for personal injuries, the defendants Casa Redimix Concrete Corporation and Robert J. Nicodemo appeal, and the defendants Jimmie J. Buie and Zepora Meadows separately appeal, from an order of the Supreme Court, Kings County (Solomon, J.), dated February 25, 2010, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. Contrary to the Supreme Court's determination, the defendants, who relied on the same submissions, met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 51-52 [2005]).

However, in opposition, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his lumbar and/or cervical spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see*

*Dixon v Fuller*, 79 AD3d 1094 [2010]; *Gussack v McCoy*, 72 AD3d 644 [2010]; *Casiano v Zedan*, 66 AD3d 730 [2009]; *Ortiz v Zorbas*, 62 AD3d 770 [2009]). The plaintiff also provided an adequate explanation for the gap in his treatment history (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *see also Gaviria v Alvardo*, 65 AD3d 567 [2009]). Dillon, J.P., Leventhal, Belen and Cohen, JJ., concur.