■ Victoria Midiri, Appellant, v Jasheree McQueen, Respondent. [925 NYS2d 861]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated April 13, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that as a result of the subject accident, she sustained, inter alia, certain injuries to the cervical region of her spine. The defendant provided evidence establishing, inter alia, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff provided evidence raising a triable issue of fact as to whether the injuries to the cervical region of her spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.