■ Isay Y. Khaimov, Appellant, v Maged Armanious et al., Respondents. [925 NYS2d 623]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated February 4, 2010, which granted the motion of the defendants MDT, Inc., and Mikhaylo Stapinskyy and the cross motion of the defendant Maged Armanious for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motion and cross motion for summary judgment dismissing the complaint are denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their respective motion and cross motion, the defendants relied, inter alia, on the affirmed medical reports of Dr. Jessica F. Berkowitz, a radiologist, who found degenerative conditions in the plaintiff's cervical and lumbar spine unrelated to the subject accident and no evidence of "acute traumatic injury" to the plaintiff's left knee.

In opposition, however, the plaintiff raised a triable issue of

fact. The plaintiff relied on, inter alia, the affirmation of Dr. Viktor Gribenko, the plaintiff's treating physician. Based upon, among other things, his physical examinations of the plaintiff and the plaintiff's medical history, medical records, and reports, Dr. Gribenko concluded that the plaintiff's injuries were permanent, progressive in nature, and directly related to the subject accident. Accordingly, the plaintiff rebutted the defendants' prima facie showing and, thus, raised a triable issue of fact (see *Jilani v Palmer*, 83 AD3d 786 [2011]; *Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d 878 [2011]; *Harris v Boudart*, 70 AD3d 643, 644 [2010]; *Sinfelt v Helm's Bros., Inc.*, 62 AD3d 983, 983-984 [2009]).

Accordingly, the Supreme Court should have denied the respective motion and cross motion for summary judgment. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.