■ EDWARD KANARAD, Respondent, v NICHOLAS SETTER, Appellant. [928 NYS2d 782]—

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

However, in opposition, the plaintiff raised a triable issue of fact through the affidavit of his treating chiropractor, Dr. Doug Wright. Dr. Wright concluded, based on his contemporaneous and most recent examinations of the plaintiff, which revealed significant limitations in the cervical and lumbar regions of the plaintiff's spine, and his review of the plaintiff's magnetic resonance imaging reports, which showed, inter alia, disc bulges in the cervical and lumbar regions of the plaintiff's spine, that the plaintiff's injuries were permanent and the range-of-motion limitations were significant (*see Dixon v Fuller*, 79 AD3d 1094, 1095 [2010]; *Harris v Boudart*, 70 AD3d 643, 644 [2010]). Dr. Wright further opined that the plaintiff's cervical and lumbar injuries and observed range-of-motion limitations were causally related to the subject accident (*see Harris v Boudart*, 70 AD3d at 644). Therefore, Dr. Wright's affidavit was sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, the plaintiff sustained a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d at 1095; *Gussack v McCoy*, 72 AD3d 644 [2010]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.