■ ALEXER MUNOZ, Appellant, v JIMMIE IRIZARRI et al., Respondents. [929 NYS2d 757]—

The defendants met their prima facie burdens of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject

accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that she sustained certain injuries to the cervical and lumbosacral regions of her spine as a result of the subject accident. The defendants provided, inter alia, competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff provided competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbosacral regions of her spine constituted serious injuries within the meaning of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). Accordingly, the Supreme Court should have denied the defendants' motions for summary judgment. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.