OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the order granting defendants’ motion for summary judgment dismissing the complaint insofar as asserted by plaintiff Sandra Diaz is vacated and defendants’ motion is denied.
In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, the Civil Court, by order entered November 17, 2009, granted defendants’ motion for summary judgment dismissing the complaint insofar as asserted by Sandra Diaz (plaintiff) on the ground that she had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). A judgment was subsequently entered, from which plaintiffs appeal is deemed to have been taken (see CPLR 5501 [c]).
Defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, plaintiff raised a triable issue of fact as to whether she had sustained a serious injury to her cervical and lumbar spine under the permanent consequential limitation of use and significant limitation of use categories (see Cariddi v Hassan, 45 AD3d 516 [2007]). Plaintiff relied upon, among other things, the affirmations of her treating doctor of osteopathy and her neurologist, whose contemporaneous and recent physical examinations revealed limitations in plaintiff’s cervical and lumbar spine. The doctors concluded *83 that the injuries and range of motion limitations observed during the examinations were significant, permanent and causally related to the subject accident (see Perl v Meher, 18 NY3d 208 [2011]; Williams v Fava Cab Corp., 90 AD3d 912 [2011]; Barry v Valerio, 72 AD3d 996 [2010]). In addition to setting forth his finding with respect to causation, plaintiffs neurologist stated that his review of the MRI films taken of these regions showed disc bulges in the cervical spine and central herniations in the lumbar spine. Thus, plaintiffs experts sufficiently addressed defendants’ doctor’s conclusion that the injuries were degenerative (see Fraser-Baptiste v New York City Tr. Auth., 81 AD3d 878 [2011]; Compass v GAE Transp., Inc., 79 AD3d 1091 [2010]; Harris v Boudart, 70 AD3d 643 [2010]). While portions of plaintiffs doctors’ affirmed medical reports must be disregarded because they recited unsworn findings of a chiropractor, the doctors’ assertions with respect to the limitations which they had observed based upon their own examinations are competent evidence (see Arias v Janelle Car Serv. Corp., 72 AD3d 848 [2010]; Casiano v Zedan, 66 AD3d 730 [2009]; McNeil v New York City Tr. Auth., 60 AD3d 1018 [2009]). Contrary to the determination of the Civil Court, the neurologist’s opinion that plaintiff had reached maximum medical improvement was sufficient to explain the cessation of plaintiffs treatment (see Gaviria v Alvardo, 65 AD3d 567 [2009]). Consequently, as plaintiff established the existence of a triable issue of fact, defendants’ motion for summary judgment should have been denied.
Accordingly, the judgment is reversed, the order entered November 17, 2009 is vacated and defendants’ motion for summary judgment dismissing the complaint insofar as asserted by plaintiff Sandra Diaz is denied.
Pesce, RJ., Golia and Aliotta, JJ., concur.