■ CHUL KOO JEONG, Appellant, v KINGSLEY O. DENIKE et al., Respondents. [28 NYS3d 393]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered May 26, 2015, which granted the motion of the defendants Kingsley O. Denike and Star Sixteen Cab Corp., and the separate motion of the defendants Hyun Koo Kim and Faith Bokyung Kim, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Kingsley O. Denike and Star Sixteen Cab Corp., and the separate motion of the defendants Hyun Koo Kim and Faith Bokyung Kim, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine (*see Austin v Dominguez*, 79 AD3d 952, 952 [2010]; *Casiano v Zedan*, 66 AD3d 730, 730 [2009]). Dr. Sang Y. Lee, the plaintiff's treating physician, opined in an affirmation, based on both his contemporaneous and most recent examinations of the plaintiff, that there were limitations in the plaintiff's cervical spine range of motion, and that the plaintiff's cervical spine limitations and injuries were significant, permanent, and causally related to the subject accident. Thus, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury under the significant limitation of use and/or the permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Dixon v Fuller*, 79 AD3d 1094, 1094 [2010]; *Ortiz v Zorbas*, 62 AD3d 770, 771 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]).

Since the plaintiff raised a triable issue of fact with respect to the injury to the cervical region of his spine, it is not necessary to determine whether the evidence he submitted raised a triable issue of fact as to whether his other alleged injuries meet the "no fault" threshold (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Rivera v Ramos*, 132 AD3d 655 [2015]).

The defendants failed to make a prima facie showing that the plaintiff's alleged injury to the cervical region of his spine was not causally related to the subject accident. Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to causation (*see Messiana v Drivas*, 85 AD3d 744, 745 [2011]).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.