Gobin v Singh (2019 NY Slip Op 07568)





Gobin v Singh


2019 NY Slip Op 07568


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-03738
 (Index No. 7618/15)

[*1]Mongomery G. Gobin, appellant,
v
Sarojanie Singh, respondent.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Martyn & Martyn, Mineola, NY (Erica K. Fugelsang of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered January 11, 2018. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained in a motor vehicle accident on February 20, 2015. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered January 11, 2018, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
On appeal, the plaintiff does not dispute the Supreme Court's determination that the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiff contends, however, that, in opposition to the defendant's motion, he raised a triable issue of fact. The plaintiff relied on, inter alia, the affirmed medical report of Nicky Bhatia, a physician who conducted a physical examination of the plaintiff and reviewed the plaintiff's medical history and medical records. Bhatia concluded, with a reasonable degree of medical certainty, that the plaintiff had "a permanent partial disability reflecting the consequential limitation of use of the lumbar spine," and that these conditions were causally related to the motor vehicle accident that occurred on February 20, 2015. This was sufficient to rebut the defendant's prima facie showing and, thus, raise a triable issue of fact (see Fraser-Baptiste v New York City Tr. Auth., 81 AD3d 878; Harris v Boudart, 70 AD3d 643, 644; Sinfelt v Helm's Bros., Inc., 62 AD3d 983, 983-984).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court