■ Vanessa Cariddi, Respondent, v Sibtul Syed Hassan et al., Appellants, et al., Defendants. [845 NYS2d 426]—

In an action to recover damages for personal injuries, the defendants Sibtul Syed Hassan and Mikhal Zaslavsky appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated January 31, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she was struck by a vehicle while crossing 27th Street at the intersection of Park Avenue South, in Manhattan. In her supplemental bill of particulars, the plaintiff claimed to have sustained injuries to her lumbosacral spine and left ankle, as well as an injury to her left hip consisting of a tear of the superolateral acetabular labrum.

In support of their motion for summary judgment, the defendants Sibtul Syed Hassan and Mikhal Zaslavsky (hereinafter the defendants) submitted, inter alia, the affirmed report of Dr. Michael J. Katz, an orthopedic surgeon. Based on his examination of the plaintiff and his review of her medical records, Dr. Katz diagnosed her with "contusion to the left ankle now resolved," "[l]umbosacral strain resolved," and "[l]eft hip

derangement unrelated." While Dr. Katz provided objective medical evidence in support of his diagnoses with respect to the plaintiff's complaints regarding her ankle and lumbosacral spine, his only basis for concluding that the plaintiff's complaints regarding her hip were "unrelated" to the subject accident was that "doctors' notes reviewed do not indicate any problem to the left hip following this incident of 09/17/04 [and a]n MRI of the left hip and pelvis was not performed until 01/03/06 which is more than one year after the accident." However, Dr. Katz did not attach any of the prior medical records to his report, and the defendants otherwise failed to submit any such records in support of their motion, as they were certainly entitled to do (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45, 47 n 1 [2005]; *Pagano v Kingsbury*, 182 AD2d 268, 271 [1992]). Therefore, Dr. Katz's report, standing alone, failed to establish, prima facie, that the plaintiff's alleged hip injury was unrelated to the subject accident (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

The defendants also submitted the affirmed report of Dr. Allen Rothpearl, a radiologist. Based on his review of the MRI film of the plaintiff's left hip, Dr. Rothpearl opined that the plaintiff suffered from "joint effusion," which he described as "a nonspecific finding which is usually idiopathic, inflammatory, infectious, or degenerative in nature," as well as from "[d]egenerative joint disease," which "occurs as a natural consequence of aging." We find that, unlike Dr. Katz's report, Dr. Rothpearl's report was sufficient to establish, prima facie, that the plaintiff's alleged hip injury was unrelated to the subject accident. In opposition, however, the plaintiff submitted the affirmed report of Dr. Keith Tobin, who, reading the same MRI film, opined that the plaintiff sustained a "tear of the superolateral acetabular labrum," and specifically noted "no significant joint effusion." We find that these conflicting medical opinions regarding the nature and etiology of the plaintiff's alleged hip injury raise triable issues of fact. Thus, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Lopez v Senatore*, 65 NY2d 1017 [1985]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.