# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

975

CA 13-00397

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

JAMES B. CLARKE, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

CAROL DANGELO, RAYMOND DANGELO AND LORI
GAYHART ZECCHINO, DEFENDANTS-RESPONDENTS.

---

THOMAS J. RZEPKA, ROCHESTER, FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ELISE L. CASSAR OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS CAROL DANGELO AND RAYMOND
DANGELO.

LAW OFFICES OF FOSTER, FOSTER & ZAMBITO, LLP, SPENCERPORT (CHARLES N.
ZAMBITO OF COUNSEL), FOR DEFENDANT-RESPONDENT LORI GAYHART ZECCHINO.

---

Appeal from an order of the Supreme Court, Monroe County (David
Michael Barry, J.), entered May 18, 2012. The order, among other
things, granted the motion and cross motion of defendants for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained in a three-vehicle collision. In his
bill of particulars, plaintiff alleged that he sustained a serious
injury under the permanent loss of use, permanent consequential
limitation of use, significant limitation of use, and 90/180-day
categories set forth in Insurance Law § 5102 (d). Supreme Court
properly granted defendants' respective motion and cross motion
seeking summary judgment dismissing the complaint and cross claims
against them on the ground that plaintiff did not sustain a serious
injury within the meaning of the statute. Plaintiff does not raise
any issue on appeal regarding the permanent loss of use category, and
he has therefore abandoned any contention with respect thereto (*see
Smith v Reeves*, 96 AD3d 1550, 1551; *Austin v Rent A Ctr. E., Inc.*, 90
AD3d 1542, 1543).

Defendants met their burden with respect to the permanent
consequential limitation of use and significant limitation of use
categories by submitting the affirmed report of the physician who
examined plaintiff on behalf of defendants. That physician concluded
that plaintiff sustained only sprain/strain injuries in the accident,

which had resolved (*see Scheer v Koubek*, 70 NY2d 678, 679; *Rabolt v Park*, 50 AD3d 995, 995), and that the conditions revealed in the diagnostic imaging tests were preexisting degenerative changes that were not causally related to the accident (*see Pommells v Perez*, 4 NY3d 566, 579).  Contrary to plaintiff's contention, the affidavit of his treating neurologist failed to address that evidence, "except in conclusory terms, and thus was insufficient to raise a triable issue of fact" (*Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155).

Finally, although the court in its decision improperly shifted the initial burden of proof on the motion and cross motion to plaintiff with regard to the 90/180-day category (*see generally Williams v Howe*, 297 AD2d 671, 672), we nevertheless conclude that defendants met their burden concerning that category by submitting plaintiff's deposition testimony establishing that he was not prevented "from performing substantially all of the material acts which constitute [his] usual and customary daily activities" for at least 90 out of the 180 days immediately following the accident, and plaintiff failed to raise a triable issue of fact (Insurance Law § 5102 [d]; *see Delk v Johnson*, 92 AD3d 1234, 1235; *Robinson v Polasky*, 32 AD3d 1215, 1216).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court