# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1199**
**CA 14-00540**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

MARIA REDD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CHRISTINE V. JUARBE AND TRACY L. DARI,
DEFENDANTS-RESPONDENTS.

---

CAMPBELL & SHELTON LLP, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (DANIEL J. GUARASCI OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered July 16, 2013.  The order, insofar as appealed
from, denied in part the motion of plaintiff for partial summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when, according to plaintiff, a vehicle owned
by defendant Tracy L. Dari, and being operated by defendant Christine
V. Juarbe, failed to yield the right-of-way at an intersection
controlled by a stop sign.  Insofar as relevant to this appeal,
plaintiff moved, inter alia, for partial summary judgment dismissing
the affirmative defense of comparative negligence and Supreme Court
denied that part of the motion.  We affirm.

A driver who has the right-of-way is entitled to anticipate that
other motorists will obey the traffic laws and yield the right-of-way
(*see Cox v Weil*, 66 AD3d 634, 634-635; *Parisi v Mitchell*, 280 AD2d
589, 590; *Cenovski v Lee*, 266 AD2d 424, 424).  Nevertheless, "a driver
who lawfully enters an intersection . . . may still be found partially
at fault for an accident if he or she fails to use reasonable care to
avoid a collision with another vehicle in the intersection" (*Siegel v
Sweeney*, 266 AD2d 200, 202; *see Sirot v Troiano*, 66 AD3d 763, 764).
In support of her motion, plaintiff made a prima facie showing that
she had the right-of-way, that she was entitled to anticipate that
Juarbe would obey the traffic laws which required her to yield, and
that, by failing to yield, Juarbe violated Vehicle and Traffic Law §
1142 (a), which constituted negligence as a matter of law (*see
Thompson v Schmitt*, 74 AD3d 789, 789; *Yelder v Walters*, 64 AD3d 762,

764; *DeLuca v Cerda*, 60 AD3d 721, 722).

The court properly concluded, however, that defendants raised a triable issue of fact whether plaintiff was comparatively negligent in failing to use reasonable care to avoid the accident (*see Sirot*, 66 AD3d at 764).  Defendants submitted the affidavit of an accident reconstruction expert who opined, contrary to plaintiff's deposition testimony that she was traveling "20 miles per hour or less," that plaintiff was traveling at a speed of at least 40 miles per hour in a 30 mile per hour zone.  Thus, defendants raised a triable issue of fact whether plaintiff was driving at an excessive rate of speed and whether she could have avoided the accident through the exercise of reasonable care (*see Bonilla v Gutierrez*, 81 AD3d 581, 582; *cf. Kelsey v Degan*, 266 AD2d 843, 843).

We note that, by failing to address in her brief the other affirmative defenses contained in defendants' answer, plaintiff has abandoned any contentions concerning them (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We reject plaintiff's further contention that the court erred in adjourning the return date of the motion to permit defendants to obtain an affidavit from their expert in order to place the expert's previously served report in admissible form.  The grant or denial of a motion for "an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283).  We thus conclude that the court did not abuse its discretion in adjourning the return date of the motion to allow defendants to supplement their expert's unsworn report with an affidavit (*see Mallards Dairy, LLC v E&M Engineers & Surveyors, P.C.*, 71 AD3d 1415, 1416).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court