# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

116

CA 14-01342

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

WILLIAM J. BLEIER, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

GREGORY J. MULVEY AND MULVEY CONSTRUCTION, INC.,
DEFENDANTS-APPELLANTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON K.L. MOYER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

BRENNA, BRENNA & BOYCE, PLLC, ROCHESTER (ROBERT L. BRENNA, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an amended order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered May 6, 2014. The amended order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the amended order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when a vehicle he was operating was rear-ended by a vehicle owned by defendant Mulvey Construction, Inc. and operated by defendant Gregory J. Mulvey. Defendants moved for summary judgment on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and Supreme Court granted their motion only in part, denying the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. We agree with defendants that the court should have granted their motion in its entirety. Defendants met their burden with respect to those two categories by submitting the affirmed reports of a physician who examined plaintiff on their behalf and reviewed plaintiff's medical records. The physician concluded that plaintiff had sustained only a minor cervical strain in the accident, that the injury had resolved, that the limitations he measured in plaintiff's range of motion were evidenced solely by subjective complaints of pain, and that there was no objective evidence of any injury causally related to the accident (*see Griffo v Colby*, 118 AD3d 1421, 1422; *Wilson v Colosimo*, 101 AD3d 1765, 1766). The evidence submitted by plaintiff in opposition to the motion does not provide "either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate

ones" (*Clements v Lasher*, 15 AD3d 712, 713, citing *Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350; *see Malesa v Burg*, 105 AD3d 1410, 1410-1411), and is therefore insufficient to raise an issue of fact with respect to either category (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: March 20, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court