Appeal from an order of the Supreme Court, Erie County (John F. O’Donnell, J.), entered May 9, 2014. The order, insofar as appealed from, granted the motion of defendant for summary judgment and dismissed the complaint.
It is hereby ordered that the order so appealed from is modified on the law by denying the motion in part and reinstating the complaint with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a motor vehicle accident that occurred when defendant tried to turn left in front of plaintiff’s oncoming vehicle. Supreme Court granted defendant’s motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiff appeals.
*1347 To the extent that plaintiff contends that he sustained a serious injury under the permanent loss of use category, that contention is not properly before us because it is raised for the first time on appeal (see Verkey v Hebard, 99 AD3d 1205, 1206 [2012]). In any event, we conclude that the contention is without merit inasmuch as the record establishes that plaintiff did not sustain a “total” loss of use of his cervical spine (Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]; see Constantine v Serafin, 16 AD3d 1145, 1145-1146 [2005]).
We reject plaintiff’s contention that there is a triable issue of fact whether he sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories. Defendant met her burden on the motion with respect to those categories by submitting evidence that plaintiff sustained only a temporary cervical strain, rather than any significant injury to his nervous system or spine, as a result of the accident (see Jones v Leffel, 125 AD3d 1451, 1452 [2015]; Parkhill v Cleary, 305 AD2d 1088, 1089 [2003]; see generally Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition to the motion, plaintiff failed to provide a qualitative or quantitative assessment demonstrating the seriousness of his injuries and thus failed to raise a triable issue of fact as to either of those two categories (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Bleier v Mulvey, 126 AD3d 1323, 1324 [2015]).
We agree with plaintiff, however, that the court erred in granting defendant’s motion with respect to the claim of a serious injury under the 90/180-day category, i.e., a medically determined injury or impairment of a nonpermanent nature that prevented him from performing substantially all of his usual and customary daily activities for 90 of the 180 days after the accident (see Insurance Law § 5102 [d]). We therefore modify the order accordingly. Even assuming, arguendo, that defendant met her initial burden of establishing as a matter of law that plaintiff did not sustain the requisite medically determined injury (cf. Zeigler v Ramadhan, 5 AD3d 1080, 1081 [2004]), we conclude that plaintiff raised triable issues of fact through the affirmed report of his treating physician, who described objective MRI findings that included a disc bulge and asserted that plaintiff had sustained a “chronic/recurrent acute cervical strain/sprain with cervical disc injury” that was causally related to the accident (see Rissew v Smith, 89 AD3d 1383, 1384 [2011]; Mancuso v Collins, 32 AD3d 1325, 1326 [2006]; cf. Nitti v Clerrico, 98 NY2d 345, 357 [2002]). We further conclude that defendant failed to establish as a matter of law that *1348 plaintiff “was not ‘curtailed from performing [his] usual activities to a great extent rather than some slight curtailment’ ” during the time period at issue (O’Neal v Cancilla, 294 AD2d 921, 922 [2002], quoting Licari v Elliott, 57 NY2d 230, 236 [1982]; see Summers v Spada, 109 AD3d 1192, 1193 [2013]; Zeigler, 5 AD3d at 1081; Cummings v Riedy, 4 AD3d 811, 813 [2004]).
We cannot agree with the dissent that plaintiff’s submissions failed to raise an issue of fact concerning the alleged causal relationship between the accident and his limitations during the ensuing 180 days. One of plaintiff’s medical records from the period at issue states that, “[biased on [plaintiff’s] reports and [his medical providers’] clinical findings,” plaintiff was suffering from a temporary total disability and was to remain off work pending a further evaluation, and we therefore conclude that this is not a case in which contemporaneous medical records contain no reference to any limitations on the plaintiff’s daily activities (cf. Womack v Wilhelm, 96 AD3d 1308, 1310 [2012]). Moreover, plaintiff was 20 years old at the time of the accident, with no preexisting injuries, and, as noted above, the physician who treated plaintiff after the accident asserted that he had sustained a causally related cervical disc injury. In our view, when a plaintiff presents objective evidence of a medically determined injury along with evidence that a medical provider placed restrictions on his or her daily activities, and there is no apparent explanation unrelated to the accident for those restrictions (cf. Dongelewic v Marcus, 6 AD3d 943, 945 [2004]; Kimball v Baker, 174 AD2d 925, 927 [1991]), it cannot be said as a matter of law that causation is lacking or that the plaintiff’s limitations are based solely on subjective pain (see generally Perl v Meher, 18 NY3d 208, 215 [2011]), particularly given that the nonmoving party must be afforded the benefit of every reasonable inference on a motion for summary judgment (see e.g. Houston v McNeilus Truck & Mfg., Inc., 124 AD3d 1210, 1211 [2015]).
Plaintiff’s further contention that the court erred in denying his cross motion for partial summary judgment on the issue of defendant’s negligence is beyond the scope of his notice of appeal, which encompassed only that part of the court’s order granting defendant’s motion (see Kolodziej v Savarese, 88 AD3d 851, 852 [2011]; see generally Johnson v Transportation Group, Inc., 27 AD3d 1135, 1135 [2006]). We decline to exercise our discretion to reach beyond the scope of the notice of appeal (see Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc., 130 AD3d 1530, 1531 [2015]; cf. Mesler *1349 v PODD LLC, 89 AD3d 1533, 1534 [2011]; see generally McSparron v McSparron, 87 NY2d 275, 282 [1995], rearg dismissed 88 NY2d 916 [1996]).
All concur except Carni and DeJoseph, JJ., who dissent and vote to affirm in the following memorandum.