# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1155
CA 16-00630
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

KRISTY MONTANARO, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT M. WEICHERT AND SUSAN M. WEICHERT,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

ROBERT M. WEICHERT, DEFENDANT-APPELLANT PRO SE.

SUSAN M. WEICHERT, DEFENDANT-APPELLANT PRO SE.

CONOR J. KIRCHNER, SYRACUSE, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), dated November 25, 2014. The order granted the motion of plaintiff for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendants appeal from an order granting plaintiff's motion for leave to amend her complaint to add Susan M. Weichert as a defendant. We note at the outset that, although the order is dated November 25, 2014 and the notice of appeal is dated July 28, 2015, the record does not contain a notice of entry and therefore the 30-day period in which to file a notice of appeal was not triggered (*see* CPLR 5513 [a]). Although the notice of appeal is premature, we nevertheless treat it as valid (*see* CPLR 5520 [c]). With respect to appeal No. 2, however, defendants purport to appeal from a decision granting plaintiff's motion for a default judgment. Inasmuch as no appeal lies from a decision, that appeal is dismissed (*see* CPLR 5512 [a]; *Gay v Gay*, 118 AD3d 1331, 1332, *lv dismissed* 25 NY3d 1015).

Plaintiff commenced this action alleging, pursuant to Executive Law § 296 (5) (a) (1), that Robert M. Weichert (defendant) engaged in discriminatory practices with respect to rental property he owned. Following his deposition in which he stated that his wife owned the property, plaintiff moved for leave to amend the complaint to add Susan M. Weichert as a defendant. Contrary to defendants' contention, the amended complaint alleged sufficient facts to establish a prima facie case for discrimination inasmuch as plaintiff alleged that she is a member of a protected class and was qualified to rent housing

that was denied her under circumstances that gave rise to an inference of unlawful discrimination (*see generally Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 774).  Specifically, plaintiff alleged that she was a woman with a minor child who inquired about an apartment advertised in a local newspaper and that, when she went to view the apartment, defendant told her that he did not allow children to live in the rental property.  She further alleged that defendant acted with the consent and authority of defendant Susan M. Weichert, the owner, when he refused to rent the premises to plaintiff based on her familial status.  We have reviewed defendants' remaining contentions and conclude that they are without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court