FRANK A. PATERNOSH et al., Appellants, v EDWARD A. WOOD, Respondent. [56 NYS3d 747]—

Appeal from an order of the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), entered December 4, 2015. The order, inter alia, granted in part the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Frank A. Paternosh (plaintiff) in an accident in which the vehicle he was driving was struck by a vehicle operated by defendant. In their bill of particulars, plaintiffs alleged that plaintiff sustained a serious injury under three categories set forth in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the

complaint on the ground that plaintiff did not sustain a serious injury. Supreme Court granted the motion with respect to the permanent consequential limitation of use and significant limitation of use categories, but denied it with respect to the fracture category, and plaintiffs appeal. Inasmuch as plaintiffs' brief addresses only the significant limitation of use category, they are deemed to have abandoned their claim that plaintiff sustained a serious injury under the permanent consequential limitation of use category (*see Smith v Reeves*, 96 AD3d 1550, 1551 [2012]).

As an initial matter, we reject defendant's contention that plaintiffs' appeal should be dismissed as untimely filed. Even where, as here, the appellant is the party that prepares and files the judgment or order appealed from, the 30-day period in which to file a notice of appeal is triggered only by service of a copy of the judgment or order, together with "written notice of its entry," on the opposing party (CPLR 5513 [a]; *see Peralta v City of New York*, 92 AD3d 554, 554 [2012]). The record here does not contain a notice of entry, and it therefore does not establish that the 30-day period ever began to run (*see Montanaro v Weichert*, 145 AD3d 1563, 1563 [2016]; *Mileski v MSC Indus. Direct Co., Inc.*, 138 AD3d 797, 799 [2016]; *see also Matter of Reynolds v Dustman*, 1 NY3d 559, 560-561 [2003]). Although plaintiffs' notice of appeal thus appears to be premature, rather than late as contended by defendant, we exercise our discretion to treat it as valid (*see* CPLR 5520 [c]; *Montanaro*, 145 AD3d at 1563). We note that we have not considered the letter submitted with plaintiffs' reply brief in evaluating the timeliness of plaintiffs' appeal because that letter is not part of the stipulated record on appeal (*see* 22 NYCRR 1000.4 [a] [1]; *Matter of Carano*, 96 AD3d 1556, 1556 [2012]; *Sanders v Tim Hortons*, 57 AD3d 1419, 1420 [2008]).

On the merits, we reject plaintiffs' contention that the court erred in granting defendant's motion with respect to the significant limitation of use category. Defendant met his burden by submitting evidence establishing that plaintiff sustained only temporary cervical and thoracic strains rather than any significant injury to his spine as a result of the accident (*see Williams v Jones*, 139 AD3d 1346, 1347 [2016]; *Bleier v Mulvey*, 126 AD3d 1323, 1324 [2015]; *Clarke v Dangelo*, 109 AD3d 1194, 1194 [2013]), and that his alleged range of motion limitations were not supported by objective evidence (*see Bleier*, 126 AD3d at 1324; *Harrity v Leone*, 93 AD3d 1204, 1206 [2012]; *Winslow v Callaghan*, 306 AD2d 853, 854 [2003]). In opposition to the motion, plaintiffs failed to raise a triable issue of fact.

Plaintiff's medical records are not sufficient to raise an issue of fact because there is no evidence that the muscle spasms and range of motion limitations referenced therein were objectively ascertained (*see Nitti v Clerrico*, 98 NY2d 345, 357-358 [2002]; *O'Brien v Bainbridge*, 89 AD3d 1511, 1512 [2011]; *Calucci v Baker*, 299 AD2d 897, 898 [2002]; *cf. Burke v Moran*, 85 AD3d 1710, 1711 [2011]). Although there is objective evidence that plaintiff had a vertebral fracture and plaintiffs presented evidence that the fracture was caused by the accident, they failed to present evidence, for purposes of their claim under the significant limitation of use category, that the fracture resulted in qualifying restrictions in the use of plaintiff's spine (*see generally Jones v Leffel*, 125 AD3d 1451, 1452 [2015]). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.