Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered February 27, 2017. The order denied the motion of plaintiffs for partial summary judgment on the issues of negligence and serious injury.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of plaintiffs’ motion on the issue of negligence and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiffs commenced this action to recover damages for an injury allegedly sustained by Barbara Ann Peterson (plaintiff) in a motor vehicle accident while riding as a back seat passenger in defendant’s vehicle. Plaintiffs moved for partial summary judgment on the issues of negligence and serious injury. We conclude that Supreme Court erred in denying that part of plaintiffs’ motion with respect to the issue of negligence, and we therefore modify the order accordingly. Plaintiffs met their initial burden by establishing that defendant was negligent in violating Vehicle and Traffic Law § 1142 (a) by turning left at an intersection directly into the path of an oncoming vehicle and that defendant’s violation of the statute was unexcused (see Redd v Juarbe, 124 AD3d 1274, 1275 [4th Dept 2015]). Additionally, inasmuch as defendant admitted in his deposition testimony that he never saw the oncoming vehicle prior to the collision, we conclude that defendant was negligent as a matter of law in failing to see what was there to be seen and in crossing in front of an oncoming vehicle when it was hazardous to do so (see Guadagno v Norward, 43 AD3d 1432, 1433 [4th Dept 2007]). Although we agree with defendant that there are conflicting accounts concerning whether he stopped at the posted stop sign prior to the accident, we conclude that this minor discrepancy does not raise an issue of fact precluding an award of summary judgment in plaintiffs’ favor on the issue of defendant’s negligence because in either scenario defendant was negligent as a matter of law (see Vehicle and Traffic Law § 1142 [a]; Singh v Shafi, 252 AD2d 494, 494-495 [2d Dept 1998]; cf. Oluwatayo v Dulinayan, 142 AD3d 113, 117-121 [1st Dept 2016]).
 

 We conclude, however, that there are material issues of fact whether plaintiff’s alleged injury, i.e., a fractured femur, was caused by the motor vehicle accident and thus that the court properly denied that part of plaintiffs’ motion on the issue of serious injury (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]). Specifically, there is an issue of fact, among others, concerning whether plaintiff would be able to ambulate freely without assistance for a day and a half following the accident if she had sustained a fracture to her femur as a result of the collision. Thus, we conclude that plaintiffs failed to meet their burden on the motion with respect to the issue of the causation of plaintiff’s injury, and we need not consider the sufficiency of defendant’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.