Montanaro v Weichert (2018 NY Slip Op 06354)





Montanaro v Weichert


2018 NY Slip Op 06354


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND TROUTMAN, JJ.


907 CA 17-02023

[*1]KRISTY MONTANARO, PLAINTIFF-RESPONDENT,
v
ROBERT M. WEICHERT AND SUSAN M. WEICHERT, DEFENDANTS-APPELLANTS. 






ROBERT M. WEICHERT, DEFENDANT-APPELLANT PRO SE. 
SUSAN M. WEICHERT, DEFENDANT-APPELLANT PRO SE. 
CNY FAIR HOUSING, INC., SYRACUSE (CONOR J. KIRCHNER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 23, 2016. The judgment awarded money damages to plaintiff. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Defendants appeal from a judgment awarding money damages to plaintiff following an inquest, which occurred after Supreme Court determined that defendants were in default for failing to answer the amended complaint. Although defendant Robert M. Weichert is a former attorney (see Matter of Weichert, 40 AD2d 261, 266 [4th Dept 1973], lv denied 33 NY2d 514 [1973]), both defendants appear pro se in this appeal. In prior appeals, this Court affirmed an order granting plaintiff leave to serve the amended complaint (Montanaro v Weichert [appeal No. 1], 145 AD3d 1563 [4th Dept 2016]) and dismissed defendants' appeal from a decision in which Supreme Court granted plaintiff's motion for a default judgment (Montanaro v Weichert [appeal No. 2], 145 AD3d 1564 [4th Dept 2016]).
On this appeal, defendants contend that the court should have dismissed the amended complaint on several grounds, including the expiration of the statute of limitations, plaintiff's purported failure to comply with Executive Law §§ 296, 297 and 300, and plaintiff's purported lack of credibility at an administrative hearing that occurred before plaintiff commenced this action. We note that those contentions concern the basis for a finding of liability, but liability here is based on defendants' default in answering the amended complaint (see Curiale v Ardra Ins. Co., 88 NY2d 268, 279 [1996]). It is well settled that "no appeal lies from an order [or judgment] entered on default" (Calaci v Allied Interstate, Inc. [appeal No. 2], 108 AD3d 1127, 1128 [4th Dept 2013]; see CPLR 5511), and thus the appeal must be dismissed.
Defendants' remedy was to move to vacate the default judgment, then appeal from an order denying their motion to vacate the default judgment (see generally Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [4th Dept 2013]). It appears that at least one of the defendants moved to vacate the default judgment and the court denied that motion and, although an appeal from a judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]), no such non-final order is included in the record on appeal. Defendants, "as the appellant[s], submitted this appeal on an incomplete record and must suffer the consequences" (Matter of Santoshia L., 202 AD2d 1027, 1028 [4th Dept 1994]; see Elwell v Shumaker, 158 AD3d 1133, 1134-1135 [4th Dept 2018]; Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]).
Finally, although defendants moved to settle the record and the court declined to include [*2]that order in the record on appeal, "[t]he remedy for an adverse determination of such a motion is an appeal from the order embodying the determination" of the motion to settle the record (Meyer v Doyle Chevrolet, 234 AD2d 1016, 1016 [4th Dept 1996]; see e.g. Chaudhuri v Kilmer, 158 AD3d 1276, 1276 [4th Dept 2018]; Mosey v County of Erie [appeal No. 3], 148 AD3d 1576, 1576 [4th Dept 2017]). Here, even assuming, arguendo, that an appeal from the judgment brings up for review the order settling the record (see generally CPLR 5501 [a] [1]), we note that defendants do not address that order in their brief on appeal. Defendants' brief reference to that order in their reply brief does not require a different result because "it is well settled that contentions that are raised for the first time in a reply brief are not properly before us" (Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1605 [4th Dept 2018]; see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]; Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court