Webb v Scharf (2021 NY Slip Op 00737)





Webb v Scharf


2021 NY Slip Op 00737


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


985 CA 19-01579

[*1]JAMES F. WEBB, SR. AND LAURIE WEBB, PLAINTIFFS-APPELLANTS,
v
REBECCA J. SCHARF AND ROBERT SCHARF, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered July 31, 2019. The order denied those parts of plaintiffs' motion seeking partial summary judgment on the issue of negligence and seeking summary judgment dismissing defendants' second, fourth, seventh and eighth affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking partial summary judgment on the issue of negligence and dismissal of the seventh and eighth affirmative defenses and the second affirmative defense insofar as it asserts assumption of the risk and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by James F. Webb, Sr. (plaintiff) when the vehicle that he was operating was struck by a vehicle operated by Rebecca J. Scharf (defendant) and jointly owned by defendants. At the time of the collision, plaintiff was traveling straight and defendant was turning left into a driveway. Defendant was charged with a violation of Vehicle and Traffic Law § 1128 (a) and subsequently pleaded guilty. As relevant here, defendants asserted in their answer affirmative defenses based on, inter alia, plaintiff's culpable conduct or assumption of the risk (second affirmative defense), failure to take precautions for his own safety or to mitigate damages (fourth affirmative defense), assumption of the risk (seventh affirmative defense), and being the sole proximate cause of the accident, injuries, and damages (eighth affirmative defense). Plaintiffs moved for partial summary judgment on the issue of negligence and to dismiss the second, fourth, and sixth through eighth affirmative defenses. Plaintiffs now appeal from an order denying the motion except with respect to the sixth affirmative defense.
We agree with plaintiffs that Supreme Court erred in denying the motion with respect to the issue of negligence, and we therefore modify the order accordingly. Plaintiffs met their initial burden by establishing that defendant was negligent in violating the Vehicle and Traffic Law by turning left directly into the path of plaintiff's oncoming vehicle and that defendant's violation of the statute was unexcused (see Peterson v Ward, 156 AD3d 1438, 1439 [4th Dept 2017]; Amerman v Reeves, 148 AD3d 1632, 1633 [4th Dept 2017]; Redd v Juarbe, 124 AD3d 1274, 1275 [4th Dept 2015]). The minor discrepancies highlighted by defendants that are in the deposition testimony submitted on the motion are not relevant to the determination of negligence and thus are insufficient to raise an issue of fact precluding summary judgment on that issue (see Peterson, 156 AD3d at 1439; see also Guadagno v Norward, 43 AD3d 1432, 1433 [4th Dept 2007]). Contrary to defendants' assertion, "[t]o be entitled to summary judgment on the issue of liability, a plaintiff does not bear the burden of establishing the absence of his or her own [*2]comparative negligence" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789 [2d Dept 2019]; see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]; Dunn v Covanta Niagara I, LLC [appeal No. 1], 181 AD3d 1340, 1340 [4th Dept 2020]).
Plaintiffs further contend that the court should have granted the motion with respect to the second, fourth, seventh and eighth affirmative defenses. We reject plaintiffs' contention with respect to the fourth affirmative defense and the second affirmative defense insofar as it is based on comparative negligence inasmuch as plaintiffs' own submissions raise an issue of fact whether plaintiff met his " 'duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (Brooks v Davis, 185 AD3d 1392, 1393 [4th Dept 2020]; cf. Godwin v Mancuso, 170 AD3d 1672, 1672-1673 [4th Dept 2019]). However, we agree with plaintiffs that the court erred in denying the motion with respect to the seventh affirmative defense and the second affirmative defense insofar as it is based on assumption of the risk. The doctrine of primary assumption of the risk, which encompasses activities such as athletic competition, does not apply (see generally Custodi v Town of Amherst, 20 NY3d 83, 87 [2012]), nor does implied assumption of the risk apply. Motorists traveling through public streets, as a general rule, do not assume the risk of other motorists negligently striking their vehicle (see generally Perez v Navarro, 148 AD2d 509, 509-510 [2d Dept 1989]). Furthermore, we note that, at oral argument on the motion, defendants conceded that the eighth affirmative defense based on sole proximate cause should be dismissed. Therefore, we further modify the order by granting the motion with respect to the seventh and eighth affirmative defenses and the second affirmative defense insofar as it asserts assumption of the risk.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court