Carlson v Manning (2022 NY Slip Op 04848)

Carlson v Manning

2022 NY Slip Op 04848

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

447 CA 21-00896

[*1]ANTOINETTE N. CARLSON, PLAINTIFF-RESPONDENT,
v
CAROL L. MANNING, AND DOUGLAS M. NICHOLS, DEFENDANTS-APPELLANTS. 

LAW OFFICE OF JOHN WALLACE, ROCHESTER (JORDYN MARIE PHILLIPS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CELLINO LAW LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered May 28, 2021. The order denied the motion of defendants for summary judgment and granted in part the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury to her cervical spine under the significant limitation of use and permanent consequential limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d), and that plaintiff sustained a serious injury to her left shoulder, and dismissing the claim for economic loss in excess of basic economic loss, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was struck, while making a left turn at an intersection, by a vehicle driven by defendant Douglas M. Nichols and owned by Nichols's mother, defendant Carol L. Manning. Insofar as relevant here, plaintiff alleged that, as a result of the motor vehicle accident, she sustained serious injuries within the meaning of Insurance Law § 5102 (d) under the significant disfigurement, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories based on injuries to her right foot, cervical spine, lumbar spine, and left shoulder. Defendants moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury to her cervical spine as contemplated by section 5102 (d), and that any injuries to her left shoulder, right foot, and lumbar spine were related to preexisting conditions. Plaintiff cross-moved for summary judgment on the issue of, inter alia, negligence. Defendants now appeal from an order that, among other things, denied their motion and granted that part of plaintiff's cross motion seeking summary judgment on the issue of negligence.
We conclude at the outset that, contrary to defendants' contention, Supreme Court did not abuse its discretion in allowing plaintiff to make her cross motion after expiration of both the
120-day period after the filing of the note of issue and a subsequent deadline allegedly imposed by the court (see CPLR 3212 [a]). There is no order in the record demonstrating that the subsequent deadline was imposed, defendants established no prejudice from the delay (see Chambers v City of New York, 147 AD3d 471, 472 [1st Dept 2017]), the cross motion was timely within the meaning of CPLR 2215, and the record supports the court's conclusion that plaintiff's delay was attributable to the parties' good faith participation in settlement negotiations (see generally Brill v City of New York, 2 NY3d 648, 652 [2004]; Cibener v City of New York, 268 AD2d 334, 334 [1st Dept 2000]). Furthermore, even assuming, arguendo, that the cross motion was untimely, it is well settled that "[a]n untimely . . . cross motion for summary judgment may be considered by the court where[, as here,] a timely motion was made on nearly identical [*2]grounds" (Sikorjak v City of New York, 168 AD3d 778, 780 [2d Dept 2019]; see Brill & Meisel v Brown, 113 AD3d 435, 435 [1st Dept 2014]).
Defendants initially contend that the court erred in refusing to consider the affirmations of two medical experts submitted in support of the motion, in which the experts relied upon, inter alia, unsworn medical reports. We agree with defendants insofar as their contention concerns the affirmation of the expert who made the first evaluation (first expert), and insofar as it concerns the initial affirmation of the expert who made the second evaluation (second expert). The reports relied upon in those affirmations were attached to defendants' moving papers and, "[a]lthough '[those] reports were unsworn, the . . . medical opinion[s] relying on those . . . reports [are] sworn and thus competent evidence' " (Harris v Carella, 42 AD3d 915, 916 [4th Dept 2007], quoting Brown v Dunlap, 4 NY3d 566, 577 n 5 [2005]). Furthermore, the court erred to the extent that it rejected the affirmation of the first expert on the ground that a CT scan upon which that expert relied was not attached. It is well settled that the opinion of a medical expert is admissible insofar as it is supported by facts in the record or the expert's personal knowledge (see generally Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984]; Cassano v Hagstrom, 5 NY2d 643, 646 [1959], rearg denied 6 NY2d 882 [1959]; Sample v Yokel, 94 AD3d 1413, 1414 [4th Dept 2012]). Here, the affirmation from the first expert established that, in addition to his review of the CT scan, he relied upon medical records that were attached and upon his interpretation of other radiological studies (see e.g. Arias v Janelle Car Serv. Corp., 72 AD3d 848, 849 [2d Dept 2010]; Cariddi v Hassan, 45 AD3d 516, 517 [2d Dept 2007]).
Nevertheless, the court properly concluded that the addendum affirmation of defendants' second expert should not be considered. In that addendum, the second expert opined that, because the CT scan reviewed by the first expert established that plaintiff had a preexisting herniated disc at L4-L5, she did not sustain an injury to her lumbar spine as a result of the subject accident. However, that opinion was based only on the first expert's opinion and on a radiologist's report that defendants did not attach to their motion papers. Thus, that opinion was properly rejected by the court because it was "not based on facts personally known to the [second] expert[]" (Ritts v Gowanda Rehabilitation & Nursing Ctr., 201 AD3d 1341, 1342 [4th Dept 2022]).
Based on our review of the experts' admissible affirmations, we conclude that the court properly denied the motion insofar as it sought summary judgment with respect to the alleged injuries to plaintiff's lumbar spine and foot under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. The second expert opined in his initial affirmation that, as a result of the accident, plaintiff sustained a serious injury to her lumbar spine within the meaning of those categories, and thus defendants "failed to establish, prima facie, that . . . plaintiff's alleged [lumbar spine injury] was unrelated to the subject accident" (Cariddi, 45 AD3d at 517). In addition, neither of defendants' experts opined that plaintiff did not sustain a foot injury as the result of this accident. Because defendants failed to meet their initial burden on those parts of the motion, the burden never shifted to plaintiff, and denial of the motion in those respects "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We reach a different result with respect to the claims of serious injury to plaintiff's left shoulder. In support of the part of their motion seeking summary judgment dismissing those claims, defendants submitted the admissible opinions of both experts that plaintiff had sustained prior left shoulder injuries that caused the symptoms at issue, and we conclude that those opinions constituted " 'persuasive evidence that plaintiff's alleged pain and injur[y was] related to a preexisting condition' " (Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013], quoting Carrasco v Mendez, 4 NY3d 566, 580 [2005]). In opposition to the motion, plaintiff submitted an affirmation from a physician who performed an independent medical examination of her for no-fault insurance purposes, and an affidavit from her treating physician. Those documents did not address the opinion that the shoulder injury was a preexisting condition, however, and thus they did not adequately address how plaintiff's alleged injuries, "in light of [plaintiff's] past medical history, are causally related to the subject accident" (D'Angelo v Litterer, 87 AD3d 1357, 1358 [4th Dept 2013] [internal quotation marks omitted]). Those opinions were therefore insufficient to raise a triable issue of fact, and thus we modify the order accordingly (see Edwards v Devine, 111 AD3d 1370, 1371-1372 [4th Dept 2013]).
Furthermore, "by submitting evidence that plaintiff sustained only a temporary cervical strain, rather than any significant injury to [her cervical] nervous system or spine, as a result of the accident" (Williams v Jones, 139 AD3d 1346, 1347 [4th Dept 2016]), defendants met their initial burden on the motion with respect to the claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories insofar as those claims were based on that alleged injury (see Paternosh v Wood, 151 AD3d 1733, 1734 [4th Dept 2017]; Bleier v Mulvey, 126 AD3d 1323, 1324 [4th Dept 2015]). Plaintiff failed to raise a triable issue of fact in opposition in that respect, and therefore we further modify the order accordingly.
Contrary to defendants' additional contention, however, the court properly denied the motion with respect to the claim of a serious injury under the 90/180-day category insofar as it is based on that alleged cervical injury. Defendants conceded that plaintiff sustained a cervical strain as the result of the accident and, in support of their motion, they "failed to establish as a matter of law that plaintiff was not curtailed from performing [her] usual activities to a great extent rather than some slight curtailment during the time period at issue" (Williams, 139 AD3d at 1347-1348 [internal quotation marks omitted]; see Cook v Peterson, 137 AD3d 1594, 1598-1599 [4th Dept 2016]). Thus, defendants failed to meet their initial burden on that part of the motion.
We agree with defendants, however, that the court erred in denying their motion insofar as it sought summary judgment dismissing the claim for economic loss in excess of basic economic loss. Plaintiff's admission in her bill of particulars that her economic loss did not exceed that threshold is sufficient to meet defendants' burden on the motion (see e.g. McKnight v LaValle, 147 AD2d 902, 903 [4th Dept 1989], lv denied 74 NY2d 605 [1989]; see also Fernandez v Hernandez, 151 AD3d 581, 582 [1st Dept 2017]), and plaintiff failed to raise a triable issue of fact. Therefore, we further modify the order accordingly.
We reject defendants' further contention that the court erred in granting the part of plaintiff's cross motion seeking summary judgment on the issue of negligence. Plaintiff established as a matter of law that Nichols violated Vehicle and Traffic Law § 1110 (a) by inexcusably disobeying a traffic-control device and driving directly into plaintiff's vehicle (see Peterson v Ward, 156 AD3d 1438, 1439 [4th Dept 2017]; Amerman v Reeves, 148 AD3d 1632, 1633 [4th Dept 2017]; Redd v Juarbe, 124 AD3d 1274, 1275 [4th Dept 2015]), and defendants failed to raise a triable issue of fact in opposition. Defendants' reliance upon deposition testimony from Manning about a hearsay statement that Nichols allegedly made to her, which directly contradicted Nichols's deposition testimony, " 'clearly constituted an attempt to avoid the consequences of [his] prior deposition testimony by raising feigned issues of fact, and was [thus] insufficient to avoid summary judgment' " (Martin v Savage, 299 AD2d 903, 904 [4th Dept 2002]; see Chrisman v Syracuse Soma Project, LLC, 192 AD3d 1594, 1596 [4th Dept 2021]; Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]).
We have considered defendants' remaining contentions and conclude that they are without merit.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court