Sztorc v Heaney (2023 NY Slip Op 01639)

Sztorc v Heaney

2023 NY Slip Op 01639

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1056 CA 22-00679

[*1]PATRICIA SZTORC, PLAINTIFF-APPELLANT,
v
THOMAS K. HEANEY, DEFENDANT-RESPONDENT. 

GIBSON, MCASKILL & CROSBY LLP, BUFFALO (MICHAEL P. SULLIVAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROY & ASSOCIATES, WILLIAMSVILLE (THOMAS W. BENDER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered April 5, 2022. The order, insofar as appealed from, denied in part the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for an injury she allegedly sustained when the vehicle she was operating was struck broadside by a minivan operated by defendant. The collision occurred at an intersection controlled by an overhead traffic light, and both parties told the responding police officer that they had the right-of-way. At their respective depositions, both parties again claimed that the light was green in their favor. Following discovery, plaintiff moved for summary judgment on liability, contending that "it is clear" from her testimony and the police report that defendant was negligent and that his negligence was the sole proximate cause of her injuries and that there is no dispute that she sustained a serious injury under Insurance Law § 5102 (d). Supreme Court granted the motion with respect to the issue of serious injury, but denied the motion with respect to the issues of negligence and causation, on the ground that "[t]he parties' competing claims as to which motorist had the right-of-way" raised triable issues of fact. Plaintiff appeals and we now affirm.
Plaintiff initially argues that the court should have determined as a matter of law that defendant was negligent because "it is unrefuted that plaintiff was without fault for the happening of this accident since there is no proof that she was speeding, suffering from visual impairments or obstructions, [or] acting unreasonably for failing to see the defendant's vehicle or for failing to take the appropriate evasive measures." We reject that contention because, even assuming, arguendo, that plaintiff was "without fault," that does not meet plaintiff's burden on the motion of establishing defendant's negligence (see generally Rodriguez v City of New York, 31 NY3d 312, 315 [2018]; Solomon v City of New York, 66 NY2d 1026, 1027 [1985]).
Plaintiff next contends that defendant was negligent as a matter of law because the deposition testimony of defendant that he had stopped at the intersection for 15 to 20 seconds before the light turned green is self-serving and incredible, and the damage to the vehicles supports the conclusion that defendant's vehicle did not stop before it entered the intersection. We reject that contention. Even assuming, arguendo, that defendant did not stop at the intersection, we conclude that it does not necessarily follow that he was negligent. As the court properly determined, plaintiff's own submissions raise a triable issue of fact whether defendant had the right-of-way when the two vehicles entered the intersection (see generally Brown v Askew, 202 AD3d 1501, 1503 [4th Dept 2022]; Fayson v Rent-A-Center E., Inc., 166 AD3d 1569, 1570 [4th Dept 2018]).
Finally, plaintiff contends that, even if defendant had the right-of-way, defendant was negligent as a matter of law because he made no effort to observe plaintiff's vehicle and he failed "to see what was there to be seen" (Peterson v Ward, 156 AD3d 1438, 1439 [4th Dept 2017]). We reject that contention because plaintiff's submissions failed to eliminate all triable issues of fact with respect to whether defendant was negligent on that basis (see generally Godwin v Mancuso, 170 AD3d 1672, 1673 [4th Dept 2019]; Sperling v Akesson, 104 AD3d 840, 841 [2d Dept 2013]). In light of plaintiff's failure to meet her initial burden on the motion, there is no need to consider defendant's submission in opposition thereto (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court