Matter of Passero v Patcyk (2025 NY Slip Op 01754)

Matter of Passero v Patcyk

2025 NY Slip Op 01754

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

642 CAF 23-00969

[*1]IN THE MATTER OF JOHN C. PASSERO, PETITIONER-RESPONDENT-APPELLANT,
v
JENNIFER L. PATCYK, RESPONDENT-PETITIONER-RESPONDENT. 

CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-RESPONDENT-APPELLANT.
SHAWN P. HENNESSY, EAST AMHERST, FOR RESPONDENT-PETITIONER-RESPONDENT.
JASON J. CAFARELLA, NIAGARA FALLS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered May 1, 2023, in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, prohibited petitioner-respondent from exercising his visitation with the children at his residence. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and that part of the order prohibiting petitioner-respondent from exercising his visitation with the children at his residence is vacated.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father, as limited by his brief, appeals from an order to the extent that it, upon respondent-petitioner mother's cross-petition, modified the parties' custody and visitation arrangement by restricting the father from exercising his visitation with the parties' three children at his residence. We reverse the order insofar as appealed from.
We agree with the father that Family Court's determination that it was in the children's best interests to prohibit their visitation with the father from taking place at his home lacks a sound and substantial basis in the record. "In visitation proceedings, the guiding consideration is always the children's best interests" (Matter of Mayo v Mayo, 63 AD3d 1207, 1208 [3d Dept 2009]; see Matter of Smith v Smith, 92 AD3d 791, 792 [2d Dept 2012]). "Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1451 [4th Dept 2011], lv denied 17 NY3d 701 [2011]). Here, while it is undisputed that two of the three children have moderate or severe allergies to horses and the father's home is on property that has a barn in which horses are boarded, the home study of the father's residence did not conclude that visitation at the home was unsafe for the children. Rather, the home study stated that the horses were kept in stables, downwind and a moderate distance from the home. Moreover, the home study notes that safety precautions were taken by the father and his wife to not have allergens in the home. Additionally, the mother's expert allergist initially recommended that the children be treated with allergy medication before being exposed to an allergen but did not set forth any restrictions for the children with respect to visitation at the father's home. The expert changed his opinion, however, to one that the children are to strictly avoid horse allergens and seemingly the father's house, but such opinion was based on faulty information that the children were taken to urgent care as a result of an allergic reaction to the horses (see generally Carlson v Manning, 208 AD3d 997, 999 [4th Dept 2022]). Indeed, there is no evidence in the record that the children cannot safely visit with the father at his residence if the allergic children [*2]are precluded from having access to the horses and the father and his wife continue to take safety precautions to ensure the children's safety while at the residence.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court